UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIAN P. KASSNER, M.D.<br><br>               Plaintiff,<br><br>  v.<br><br>KADLEC REGIONAL MEDICAL CENTER, a nonprofit corporation; KADLEC HEALTH SYSTEM, a nonprofit corporation; and COLUMBIA BASIN IMAGING, P.C., a professional corporation,<br><br>               Defendants. | NO:  CV-11-5114-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE |

This matter comes before the Court on a motion for reconsideration by Plaintiff Julian Kassner, MD, ECF No. 76, and motions to strike declarations submitted by Dr. Kassner in support of his motion by Defendants Kadlec Regional Medical Center and Kadlec Health System (collectively, "Kadlec"), ECF No. 81, and Columbia Basin Imaging P.C. ("CBI"), ECF No. 89.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 1

1  The Court has reviewed the parties' filings related to the pending motions as well as the remaining record in this case and is fully informed.

### *Background*

The Court does not recite the factual background of this case, as that is contained in the Court's prior order at ECF No. 74, and instead proceeds directly to the content of the present motions and the relevant procedural posture.

The Court heard argument on the motion to dismiss for failure to state a claim by Kadlec and the motion to compel arbitration, or, alternatively, to dismiss by CBI on November 10, 2011. An arbitrator heard testimony and argument and took evidence regarding the dispute between Plaintiff and CBI on December 14, 2011, and rendered a decision on January 27, 2012, finding for Plaintiff on his claim of negligent misrepresentation and finding for CBI on Plaintiff's remaining eight claims. ECF No. 78 at 6-7. This Court granted Kadlec's motion to dismiss and CBI's motion to compel arbitration on February 15, 2012, and the Clerk entered judgment with prejudice for Kadlec the same day.

Dr. Kassner moves the Court to reconsider its previous order and entry of judgment, ECF Nos. 74 and 75, pursuant to Fed. R. Civ. P. 59(e), and reach the following results: (1) reverse the Court's previous decisions to compel arbitration against CBI; and (1) dismiss the claims against Kadlec without prejudice rather than with prejudice. In support of his motion, Dr. Kassner emphasizes that the

arbitrator found that CBI had made a material misrepresentation by failing to disclose CBI's subsidy arrangement with Kadlec to Dr. Kassner at the time he became employed.  Dr. Kassner extrapolates from this finding to argue that this misrepresentation renders the arbitration clause of his employment agreement voidable.  Dr. Kassner also argues that antitrust claims are outside the scope of the claims covered by the arbitration clause in his particular employment agreement with CBI and do not "arise" from the employment agreement, as the Court previously found.  Finally, regarding his request for leave to amend his complaint, Dr. Kassner argues that his complaint could have been saved by amendment and that denying Plaintiff the opportunity to amend is unjust and contrary to the liberal amendment standard established by Fed. R. Civ. P. 15(a).

      CBI responds that Dr. Kassner could have argued previously that his employment agreement with CBI was voidable, since he had alleged in his pleadings that he was not told about the subsidy payments.  ECF No. 91 at 4; *see* ECF No. 1 at 12.  CBI further contends that Dr. Kassner's arguments regarding the propriety of compelling arbitration of the antitrust claims are the same arguments that Plaintiff made in response to the motion to compel arbitration and are not a basis for this Court to reconsider its previous rulings.

      Kadlec responds that the liberal standard relating to amendment of pleadings articulated by Fed. R. Civ. P. 15(a)(2) does not apply to Plaintiff's post-judgment

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 3

1  motion for reconsideration. Kadlec also argues that Dr. Kassner should not be
2  allowed the opportunity to re-plead his claims under Fed. R. Civ. P. 59(e) when the
3  Court's order contained no "direct, obvious, or observable error." ECF No. 87 at
4  8-10 (citing *Smith v. City of Quincy*, Case No. CV-09-328-RMP, 2011 WL
5  1303293, at *2 (E.D. Wash. Apr. 5, 2011) (citing definition of "manifest injustice"
6  in Black's Law Dictionary 1048 (8th ed. 2009))).

In addition, Kadlec and CBI move to strike the declarations of Dr. Kassner, ECF No. 79, and counsel for Dr. Kassner, Gregory Hitzel, ECF No. 78. ECF Nos. 81 and 89. Kadlec and CBI argue that Dr. Kassner's declaration contains factual allegations that "have long been known to Dr. Kassner," and do not constitute newly discovered information. *See* ECF No. 82 at 2. As for Mr. Hitzel's declaration, which contains factual allegations regarding the arbitration involving Dr. Kassner and CBI, and which includes a copy of the arbitrator's decision, Defendants argue that it should be stricken as it was also information that was available before the Court entered judgment in this matter and, therefore, not newly discovered evidence. ECF No. 82 at 2-3.

### ***Analysis***

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also United*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 4

*States v. Martin*, 226 F.3d 1042, 1048, note 8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. *See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Plaintiff seeks relief pursuant to Rule 59(e). ECF No. 76. A Rule 59(e) motion must be filed no later than 28 days following entry of the final judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified 28-day period. *See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, courts treat the motion is treated as a Rule 60(b) motion for relief from judgment or order. *See Am. Ironworkers & Erectors, Inc.*, 248 F.3d at 899. Here, the Court considers Plaintiff's motion under Rule 59(e), as it was filed within 28 days of the entry of final judgment. *See* ECF Nos. 75 and 76.

Absent highly unusual circumstances, a district court should not grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[1] An amendment that became effective December 1, 2009, extended the time for filing a motion under Rule 59(e) from 10 to 28 days.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 5

1    Dr. Kassner's motion does not meet any of these criteria.  Dr. Kassner does

2  not demonstrate that the Court's prior order was clearly erroneous.  Specifically, he

3  does not challenge that the Court's decision was based in substantial part on Dr.

4  Kassner's failure to sufficiently allege injury, among other grounds.  *See* ECF No.

5  74 at 14.  Secondly, the bulk of Dr. Kassner's present briefing is dedicated to

6  whether he sufficiently pleaded his antitrust claims, and other reiterations of the

7  arguments that he raised in response to Kadlec's and CBI's motions to dismiss and

8  compel arbitration.  Likewise, Dr. Kassner's declaration repeats the factual

9  allegations that were previously before the Court.  A party cannot successfully

10 demonstrate clear error by raising the same arguments as those made earlier. *See*

11 *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1033 (N.D.Cal.1994).

12   Thirdly, Dr. Kassner argues that this Court should consider testimony that

13 the arbitrator and parties heard in December 2011 that CBI's subsidy arrangement

14 predated its employment agreement as new evidence of anticompetitive restrictions

15 placed on Dr. Kassner.  However, evidence, such as the evidence that Dr. Kassner

16 proposes now, that was in the party's possession before the judgment was rendered

17 is not newly discovered.  *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*,

18 833 F.2d 208, 212 (9th Cir. 1987).  Moreover, a motion for reconsideration "is not

19 a vehicle to reargue the motion or to present evidence which should have been

20

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 6

raised before." *United States v. Westlands Water Dist.*, 134 F.Supp.2d, 1111, 1131 (E.D.Cal. 2001).

Dr. Kassner's complaint, filed months before the parties argued the underlying motions, alleged the existence of a physician recruitment subsidy arrangement. ECF No. 1 at 12. The Court previously examined Plaintiff's factual allegations, and accepted them as true, pursuant to the standard governing review of Fed. R. Civ. P. 12(b)(6) motions, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and the Court determined those factual allegations to be insufficient to state a claim upon which relief could be granted in this matter. Therefore, the recruitment subsidy material does not qualify as new evidence both because Plaintiff was aware of the subsidy arrangement evidence before judgment was entered in this case, and the evidence does not bring any fact or issue before the Court now that the Court did not previously consider.

The Court, therefore, declines to reconsider its earlier ruling or amend the judgment in this matter. In addition, having determined that the statements and exhibits contained in Plaintiff's filings at ECF Nos. 79 and 78, do not constitute "newly discovered evidence," the Court grants Defendants' motions to strike on the basis that the contents of the stricken documents are not relevant to Plaintiff's motion.

Finally, with respect to Dr. Kassner's desire to amend his complaint, the Court notes, contrary to Dr. Kassner's assertion that Kadlec did not request dismissal with prejudice, that Kadlec requested dismissal with prejudice in ECF No. 53 at 27, which was filed more than one month prior to oral argument. More importantly, the Court reached its decision to dismiss with prejudice rather than without prejudice based on the case law determining that Rule 12(b)(6) is an adjudication on the merits and may result in a dismissal with prejudice when the record before the court supports that amendment is futile, which is the Court's conclusion in this case. *See Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

///

///

///

///

///

///

///

///

///

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 8

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Kadlec and CBI's motions to strike, **ECF Nos. 81 and 89**, are **GRANTED**. The declarations and exhibits contained at ECF Nos. 78 and 79 shall be **STRICKEN**.

2. Plaintiff Dr. Kassner's motion for reconsideration, **ECF No. 76**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of July 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE ~ 9